UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES ST. JOHN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-2339 |
| | § | |
| REGIS CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is the plaintiff's amended motion for leave to extend the expert witness deadlines. Dkt. 17. The court held a hearing on the motion on April 19, 2007. Upon consideration of the parties' arguments and the applicable law, the court is of the opinion that the motion should be DENIED.

## BACKGROUND

On April 11, 2006, Charles St. John, the plaintiff in this case, filed suit in state court against Regis Corporation for damages he suffered from a staph infection allegedly contracted while receiving a pedicure from the Regis Signature Salon in the New York New York Hotel in Las Vegas, Nevada. On July 13, 2006, Regis removed the action to the federal court based on diversity of citizenship. Dkt. 1. This court entered its rule 16 scheduling order governing the case on August 23, 2006. Dkt. 7. The rule 16 order ordered that on February 1, 2007 "[e]xpert witnesses for plaintiff/counter-plaintiff shall be identified by a report listing the qualifications of each expert, each opinion the expert will present, and the basis for each opinion." Dkt. 7. Likewise, defendant's expert designations were due by March 16, 2007. St. John timely designated experts, identifying them as medical persons with knowledge of St. John's medical damages and condition. Dkt. 19 at

3. However, St. John produced no reports for any of these experts, nor did he identify them as experts regarding the standard of care. Upon receiving the designation, counsel for Regis contacted St. John's counsel to request expert reports. Regis offered an extension for the report deadline, provided Regis's deadline could likewise be extended. St. John's counsel responded that no reports were necessary, so no extension was needed.

During St. John's deposition, he responded to Regis's questions regarding the standard of care by saying that he would rely on the opinion of James Kratz. Kratz had not been designated as an expert. However, he was scheduled to be deposed as a fact witness the next day. Regis did depose Kratz regarding the standard of care, but did so without the type of preparation usually necessary for an expert deposition. Additionally, ten days later, St. John answered interrogatories and added "several new providers [who] were non-retained experts who would testify, among other things, as to the 'causal' relationship between the incident in question and the injuries suffered by the plaintiff.'" Dkt. 19 at 7 (quoting Dkt. 19, Ex. 12 at 3, 7). The same interrogatories identified Kratz as an expert on standard of care, but supplied no report. Regis's counsel again asked St. John's counsel to delay Regis's deadlines so its report would be due after St. John had finally complied with Regis's discovery requests. St. John responded by asking that all deadlines be extended including those already expired. Regis, unhappy with this request, wrote a letter to St. John suggesting that if St. John would extend the deadline for Regis to respond to St. John's still incomplete discovery, Regis would not file a motion to compel. St. John never responded. Finally, Regis's deadline to file its expert designations arrived with which Regis timely complied. Five days after receiving Regis's designation and reports, St. John filed the instant motion for leave to extend its expert deadlines.

ANALYSIS

Rule 16(b) of the Federal Rules of Civil Procedure governs the scheduling and management of the court's docket.

> [T]he district judge . . . shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties . . . enter a scheduling order that limits the time (1) to join other parties and to amend the pleadings; (2) to file motions; and (3) to complete discovery. . . . A schedule shall not be modified except upon a showing of good cause and by leave of the district judge.

FED. R. CIV. P. 16(b). The Fifth Circuit "gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'" *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (*quoting Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)). When determining whether to exclude expert testimony that has been improperly designated, the court should consider "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (*citing Geiserman*, 893 F.2d at 791).

**A.    The Explanation**

St. John's counsel argues that he needs extra time, because two of his designated experts have suddenly refused to testify. He admits that the experts were designated without the thorough research that should have preceded their designation. Additionally, St. John wants to designate another expert on the standards and rules relating to hygiene at the Regis salon. This too was a surprise to St. John because according to his motion, Regis had not indicated in discovery that it intended to argue the standard of care issue. Therefore, when Regis designated an expert regarding standard of care, St. John suddenly discovered that it was at issue. Regis responds that it would have

3

been happy to negotiate extensions, and in fact attempted to do so, up until the time Regis, itself, designated experts. Regis also points to the fact that St. John's counsel never requested his client's medical records for his own experts to review. Regis suggests that St. John might have been less surprised regarding his experts' unwillingness to testify had St. John spent any time talking to them. Furthermore, Regis declares that St. John could not possibly have believed that standard of care was not an issue since Regis has consistently denied all of St. John's allegations, including a violation of the standard of care, from the beginning of the case.

The court finds that St. John's explanations are insufficient. From the beginning of the suit, St. John should have known that he would need an expert on the standard of care. He cannot argue surprise at this late date. *Geiserman*, 893 F.2d at 791 (*citing Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1158 (5th Cir. 1985)). As for the recent discovery that his designated experts would not testify, the court would have significantly more sympathy had St. John been cooperative in the matter of expert discovery up until this point. However, despite St. John's refreshing and appreciated candor at the hearing on this issue, the court finds that St. John has engaged in a dishearteningly uncooperative course of conduct in the face of defendant's repeated good-faith efforts to negotiate expert discovery matters. Accordingly, the court finds that St. John has no reasonable explanation for the failure to identify experts in a timely motion.

**B.     The Importance of the Testimony**

The plaintiff does not address specifically the importance of the witness that he needs to designate. The Fifth Circuit has taken two divergent paths on the question of witness importance. The *Geiserman* formulation would argue that the more important the witness, the more important the need to have designated him properly. *Geiserman*, 893 F.2d at 791-92. Applying that principle

4

and assuming arguendo that the importance of St. John's expert's testimony was paramount, that would argue more strongly for St. John's need to follow the scheduling order rather than less. *Id.* at 791 (finding that significant expert witness testimony established "more reason to be sure its introduction was properly grounded"). Conversely, the Fifth Circuit has commented lately on the irony of the court's application of the second prong of *Geiserman*. *Betzel v. State Farm Lloyds*, 480 F.3d 704, ___, 2007 WL 603036 at *3 (5th Cir. 2007). In *Betzel*, the court described the *Geiserman* application of the importance prong as "standing [the test] on its head." *Id.* (*citing Geiserman*, 893 F.2d at 791-92). Instead, the court there argued that the more important the witness, the more the factor weighs in favor of late designation. *Id.* The court also "acknowledge[d] that 'the importance of such proposed testimony cannot *singularly* override the enforcement of local rules and scheduling orders.'" *Id.* (citing *Geiserman*, 893 F.2d at 791-92). Following the *Betzel* paradigm, the expert witness is undeniably crucial to St. John's case and therefore the importance factor would weigh heavily for the plaintiff. However, unlike *Betzel*, the other factors do not weigh heavily in favor of allowing the late designation. *Id.* Accordingly, the court finds that even under *Betzel*, the importance factor is not significant enough to outweigh all of the other factors.

**C.     The Potential Prejudice**

St. John argues that Regis would not be prejudiced if St. John were allowed to designate experts out of time. "There is nothing pressing or of significance in this case that will adversely affect Defendant." Dkt. 17, at 2. Regis argues that it will suffer substantial prejudice if the court grants plaintiff's requested relief. Regis has already designated its experts, based in part on St. John's discovery responses up to this point, and Regis has filed a dispositive motion based on the discovery in the case. Therefore, the argument goes, Regis will be prejudiced both in terms of trial

strategy and costs of preparing for yet another dispositive motion. The court agrees. The Fifth Circuit law on the prejudice prong consistently holds that such concerns are substantial. *Betzel*, 480 F.3d at __, 2007 WL 603036 at *3-4; *Geiserman*, 893 F.2d at 791-92. Therefore, the court finds that in light of the time, effort, and expense incurred by the defendant in its attempts to obtain expert discovery in this case, the prejudice would be significant. Accordingly, the third factor weighs in favor of Regis.

**D.     The Availability of a Continuance**

The Fifth Circuit urges the district courts to view continuances with favor as a cure for late designated witnesses. *Betzel*, 480 F.3d at ___, 2007 WL 603036 at *4 (*citing Campbell v. Keystone Aerial Surveys*, 138 F.3d 996, 1001 (5th Cir. 1998)). However, part of the purpose of denying a continuance is to "deter future dilatory behavior." *Id.*; *see also 1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991). Importantly, in the instant case, the need to designate the experts late is directly caused by "dilatory behavior" on the part of St. John. To grant a continuance in this matter would reward dilatory behavior rather than deter it. Additionally, the continuance would force the defendant to incur more costs. It hardly seems equitable to force more costs upon Regis, when Regis has tried since the beginning to negotiate extensions in good faith. Therefore, the court finds that the fourth prong weighs against a continuance.

CONCLUSION

St. John has asked the court to allow him to designate not one, but two experts late. Dkt. 17. However, based on the plaintiff's dilatory course of conduct and the defendant's continued attempts to negotiate solutions, the court will not extend the deadline to designate experts. The scheduling order put in place by the court on August 23, 2006 remains in effect. Dkt. 7.

Accordingly, plaintiff's amended motion for leave to extend the expert witness deadlines is DENIED.

It is so ORDERED.

Signed at Houston, Texas on April 25, 2007.

_____
Gray H. Miller
United States District Judge