# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES ST. JOHN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-2339 |
| | § | |
| REGIS CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM AND ORDER

Pending before the court is the motion for summary judgment of defendant, Regis Corporation. Dkt. 22. Upon considering the arguments of the parties, the summary judgment evidence, and the applicable law, the court is of the opinion that the motion should be GRANTED. Also pending before the court is St. John's counsel's motion for leave to withdraw as counsel for plaintiff and St. John's motion to dismiss without prejudice. Dkt. . In light of the court's ruling on Regis's motion for summary judgment, this motion will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Charles St. John took a vacation trip to Las Vegas. While there, he had a pedicure from a salon owned by Regis Corporation. Before beginning the procedure, St. John indicated that he had a red bump on his leg. The employee giving the pedicure stated that it looked like an insect bite and the pedicure proceeded. After the pedicure, St. John alleges that his leg became stiff and hot. The next day he obtained medical attention through the hotel. The following day he went to the emergency room in Las Vegas. Again, when reaching home, he was hospitalized with a high fever. The doctors determined that he had contracted methicillin-resistant Staph aureus ("MRSA")

requiring surgery, including removing part of his calf muscle and follow-up intravenous antibiotic treatment.

St. John alleges that he contracted the MRSA when an allegedly unsterilized pedicure whirlpool footbath came into contact with his open wound.  He brought a negligence suit against Regis in Harris County District Court demanding a laundry list of damages.  Regis, a Minnesota corporation, removed the case to federal court based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).  Regis now moves the court to grant summary judgment on St. John's claim.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also Christopher Village, L.P. v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment, there must be an absence of any genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).  An issue is "material" if its resolution could affect the outcome of the action.  *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 347 (2001).  "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party."  *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact

warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).   To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant.  *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163-64 (5th Cir. 2006).   The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence.   *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 993 (5th Cir. 2005). However, the nonmovant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."  *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

## ANALYSIS

Under Texas law, to prove negligence a plaintiff must prove (1) defendant owed him a legal duty; (2) defendant breached that duty; and (3) plaintiff's damages were proximately caused by that breach.  *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998).   The existence of a duty is a question of law.   *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).  "To establish breach of duty, the plaintiff must show either that the defendant did something an ordinarily prudent person exercising ordinary care would not have done under those circumstances, or that the defendant failed to do that which an ordinarily prudent person would have done in the exercise of ordinary care."

3

*Aguirre v. Vasquez*, ___ S.W.3d ___, 2007 WL 1246951, *9 (Tex.App.–Houston [14th Dist.] 2007, no pet h.).  "Proximate cause requires both cause in fact and foreseeability." *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002).  An injury is foreseeable if the actor should have anticipated the dangers created by his negligent act, but not necessarily the precise manner in which the injury would occur.  *Id.*  "Cause in fact means that the defendant's act or omission was a substantial factor in bringing about the injury which would not otherwise have occurred." *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995).  That Regis had some duty to St. John, as a client of the salon, is not in dispute in this motion.  However, Regis argues that St. John cannot show a breach of that duty.  Moreover, Regis argues that even if St. John were able to show a breach, he cannot show causation.  The court will not address causation because it finds, as a predicate matter, St. John has not met his burden to show that Regis breached its duty.

In his deposition, St. John alleges three distinct breaches on the part of Regis.  First, he claims that Regis failed to sanitize the pedispa between clients as required by the State of Nevada. *See* NEV. ADMIN. CODE § 644.325(6).  St. John offered only his own deposition testimony and affidavit to support this claim.  Furthermore, his own testimony is equivocal because he also admitted that the pedispa could have been properly sanitized before he arrived and he would not have known.  According to governing precedent, unsubstantiated assertions and unsupported allegations are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).  Thus, St. John's unsubstantiated allegations regarding the first alleged breach, without more, do not create a fact issue precluding summary judgment.  Second, St. John claims that Regis breached its duty when the pedicurist performed the pedicure even though St. John had "a potential

4

wound."  In his deposition, St. John describes the subsequent infection site as "a little bump,"[1] "a little pimple,"[2] with a "black dot in the middle,"[3] and "like a pimple [which] was red."[4]  When asked if the pimple was actually an open sore, St. John replied that it "could have been,"[5] "may have been,"[6] and "[t]hat may have been what the black dot was."[7]  The testimony of the only other eye witness—the pedicurist—is related only through a statement to Regis's expert.  "Ms. Jubinal stated that the area did not have an open sore and further described the area as a little red and raised and could possibly have been a bug bite."[8]  Even if the court were to discount her statement as hearsay—which it need not under Fifth Circuit precedent—St. John does not raise a fact issue based on his tentative uncorroborated statements.[9]  *Forsyth*, 19 F.3d at 1533.  *See also Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990) (holding hearsay to be competent summary judgment evidence if the underlying facts would constitute admissible evidence at trial if presented in another form).  Therefore, St. John fails to carry his burden of proof on the second alleged breach of duty.

---

[1]  Dkt. 22, Ex. 1, at 30.

[2]  *Id.* at 32.

[3]  *Id.* at 33.

[4]  *Id.* at 35.

[5]  *Id.* at 36.

[6]  *Id.* at 37.

[7]  *Id.*

[8]  Dkt. 22, Ex. 2, at 3.

[9]  Notably, the State of Nevada does not require that cosmetologists refuse to perform procedures on clients with inflamed skin, only that the cosmetologist not massage an area that is inflamed.  Nev. Admin. Code § 644.365.  Both St. John and the pedicurist agree that she massaged around the bump.  *See* Dkt. 22, Ex. 1, at 32.

Third and last, St. John alleges that Regis breached its duty when the pedicurist performed the procedure in spite of the fact that St. John allegedly had some fungus on his foot.  This last claim suffers the same infirmity as its predecessors.  The only proof offered the court of the foot fungus is St. John's own statement in his deposition.[10]  A conclusory allegation or unsubstantiated assertion, standing alone, is not sufficient evidence to prevent summary judgment.  *TIG Ins.*, 276 F.3d at 759. In sum, St. John has failed to meet his burden to show there is an issue of material fact regarding Regis's alleged breach of duty.  Accordingly, St. John's negligence claim fails as a matter of law.

### Conclusion

Pending before the court is Regis's motion for summary judgment.  Dkt. 22.  Because St. John has failed to show an issue of material fact on an essential element of a negligence claim, Regis's motion will be GRANTED.   Also pending before the court is St. John's counsel's motion for leave to withdraw as counsel for plaintiff and St. John's motion to dismiss without prejudice. Dkt. 28.  The motion for leave to withdraw as counsel for the plaintiff is GRANTED.  And, the motion to dismiss is DENIED.

It is so ORDERED.

Signed at Houston, Texas on May 23, 2007.

_____
Gray H. Miller
United States District Judge

---

[10]  Dkt. 22, Ex. 1, at 95.

6